UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KAREN L. BACCHI, Individually and on Behalf of all Persons Similarly Situated, | *<br>*<br>* | |
| Plaintiff, | *<br>* | |
| v. | * | Civil Action No. 12-11280-JLT |
| | * | |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, | *<br>*<br>* | |
| Defendant. | * | |

MEMORANDUM

August 27, 2013

TAURO, J.

I. Introduction

Plaintiff Karen L. Bacchi challenges Defendant Massachusetts Mutual Life Insurance Company's ("MassMutual") calculation of its statutorily authorized safety fund, alleging that MassMutual has retained profits that it should have distributed to participating policyholders as dividends. Before the court is MassMutual's motion to dismiss. For the reasons below, MassMutual's Motion to Dismiss [#17] is DENIED.

II. Factual Background[1]

Bacchi holds a participating whole-life insurance policy from MassMutual.[2] Per

---

[1] The court presents the facts alleged in the Class Action Complaint [#1] in the light most favorable to Bacchi.

[2] Bacchi purchased the policy in 1975 from Connecticut Mutual Life Insurance Company ("Connecticut Mutual"). In 1996, Connecticut Mutual merged with MassMutual, and Bacchi's policy became a MassMutual policy. Compl. ¶¶ 2-3.

1

Massachusetts law, the policy entitles Bacchi to a share of MassMutual's divisible surplus, which MassMutual must distribute to its participating policyholders each year. Bacchi's insurance policy contains required statutory language that "this Policy . . . will be credited with such share of the divisible surplus, if any, as we may apportion to it by the Company as a dividend."[3]

Massachusetts permits mutual life insurance companies to retain a portion of their surplus as a "safety fund." This safety fund consists of "an amount not in excess of twelve per cent of [the company's] reserve for such business . . . and, in addition thereto, any surplus that may have been contributed by the holders of the guaranty stock of the company, or which has been accumulated for the retirement of said guaranty stock and the margin of the market value of its securities over their book value."[4] Each year, MassMutual calculates its safety fund value to determine whether it owes participating policyholders dividends. Since 1999, MassMutual has submitted its annual safety fund calculations to the Massachusetts Commissioner of Insurance.[5]

Bacchi claims that MassMutual has miscalculated its safety fund every year since at least 2003. Specifically, she alleges that MassMutual has exceeded the twelve percent safety fund limit each year by both understating its surplus and overstating its liabilities. Bacchi enumerates at least five different accounting errors she believes MassMutual has made in calculating its safety fund.[6] As a result of these errors, Bacchi concludes that MassMutual has impermissibly withheld surplus funds to which participating policyholders are entitled.

---

[3] Compl. ¶¶ 9,14 (emphasis omitted); see Mass. Gen. Laws ch. 175, § 149.

[4] Mass. Gen. Laws ch. 175, § 141; see Compl. ¶10.

[5] Compl. ¶ 15.

[6] Compl. ¶¶ 17, 19-20.

Bacchi brings four claims against MassMutual. She claims: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) unjust enrichment; and (4) money had and received. MassMutual moved to dismiss Bacchi's complaint in it entirety.

III.   Discussion

   A.   Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a complaint must include factual allegations that demonstrate a plausible claim for relief.[7] The court "must 'take all factual allegations as true and draw all reasonable inferences in favor of the plaintiff.' "[8] Nevertheless, the court need not accept the plaintiff's legal conclusions, and the plaintiff must provide more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."[9]

Ordinarily, the court may not consider materials outside the complaint without converting the motion to a motion for summary judgment.[10] "There is, however, a narrow exception 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint.' "[11] Both sides have filed numerous supplemental materials with the court, many of which may be

---

[7] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-58 (2007).

[8] Pettengill v. Curtis, 584 F. Supp. 2d 348, 362 (D. Mass. 2008) (quoting Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007) (emphasis omitted)).

[9] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted).

[10] See Gulf Coast Bank & Trust Co. v. Reder, 355 F.3d 35, 38 (1st Cir. 2004); Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

[11] Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) (quoting Watterson, 987 F.2d at 3).

considered as official public records. The court declines to convert the motion to a motion for summary judgment and considers only those materials properly before it.

      B.     <u>MassMutual's Motion to Dismiss</u>

MassMutual moves to dismiss Bacchi's complaint on two grounds. First, it argues that most of her challenge is barred by a six-year statute of limitations. According to MassMutual, Bacchi cannot challenge any conduct occurring earlier than 2006. MassMutual argues that Bacchi's reliance on the "fraudulent concealment" doctrine and the discovery rule is misplaced because she has not pleaded fraudulent concealment with specificity and because her claim depends on MassMutual's public filings.

Second, MassMutual argues that although Bacchi raises numerous challenges to its safety fund calculation, her improper interpretation of just one aspect of this calculation defeats her claim as a matter of law. MassMutual argues that the plain language of the Massachusetts safety fund statute allows MassMutual to include in its safety fund both twelve percent of the company's reserves, or liabilities, on participating business *and* "the margin of the market value of its securities over their book value."[12] Bacchi does not include the margin value because she claims that statutorily mandated accounting practices no longer consider this value "surplus." MassMutual urges this court to follow the statute's plain language and interpret the safety fund limit to include the margin of market value over book value. Doing so, MassMutual asserts, would cause Bacchi's claims to fail as a matter of law because even if she were correct that MassMutual had made all the other errors she alleges, MassMutual would still not surpass the safety fund limit.

---

[12] <u>See</u> Mass. Gen. Laws ch. 175, § 141.

The court begins with MassMutual's second argument and concludes that Bacchi has sufficiently stated a claim. MassMutual seeks to have this court resolve the question of breach as a matter of law. But breach generally presents an issue for the trier of fact.[13] And the correct calculation of the safety fund value also presents a question of fact.[14] The court cannot conclude, on the limited record available on a motion to dismiss, that Bacchi's criticisms of MassMutual's safety fund calculation are de minimus because she does not include the margin value. The court does not even have MassMutual's annual statements for any year other than 2010 before it. The court cannot properly resolve the factual questions posed at this stage of litigation. Consequently, taking the allegations in the complaint as true, and without deciding the proper interpretation of the safety fund statute, this court concludes that Bacchi has sufficiently stated her claims.

This leaves the question of the statute of limitations. The court agrees with MassMutual that Bacchi has failed to plead fraudulent concealment with the specificity required by Federal Rule of Civil Procedure 9(b).[15] But the application of the discovery rule is a different matter. Ordinarily, "the question [of] when a plaintiff knew or should have known of its cause of action is one of fact that will be decided by the trier of fact."[16] The facts establishing MassMutual's defense

---

[13] DiPietro v. Sipex Corp., 865 N.E.2d 1190, 1197 (Mass. App. Ct. 2007).

[14] See Goldstein v. Sav. Bank Life Ins. Co. of Mass., 761 N.E.2d 938, 945 n.18 (Mass. 2002) ("Whether [Defendant] has, in fact, correctly calculated its surplus and its safety fund, are factual matters still to be litigated (or, perhaps, agreed on) in further proceedings in the Superior Court.").

[15] Abdallah v. Bain Capital LLC, 880 F. Supp. 2d 190, 196 (D. Mass. 2012) ("The doctrine of fraudulent concealment is subject to the heightened pleading standard for fraud presented in Fed. R. Civ. P. 9(b), and the complaint should include the time, place, and content of the fraudulent concealment." (internal citations omitted)).

[16] Taygeta Corp. v. Varian Assocs., Inc., 763 N.E.2d 1053, 1063 (Mass. 2002).

are not "definitively ascertainable from the complaint and other allowable sources of information" or sufficient "to establish the affirmative defense with certitude."[17] Determining whether Bacchi had sufficient information to alert her to MassMutual's alleged safety fund calculation errors implicates sophisticated accounting questions, and the documents properly before the court do not make it clear that Bacchi knew or should have known of her injury.[18] As the record develops, MassMutual may have the evidence to establish that the statute of limitations bars most of Bacchi's claim.

IV.     Conclusion

For the foregoing reasons, MassMutual's Motion to Dismiss [#17] is DENIED.


AN ORDER HAS ISSUED.

/s/ Joseph L. Tauro
United States District Judge

---

[17] Abdallah, 880 F. Supp. 2d at 194 (internal citations omitted).

[18] See Szymanski v. Bos. Mut. Life Ins. Co., 778 N.E.2d 16, 26 (Mass. App. Ct. 2002) ("[Defendant] suggests that it was a relatively simple matter to ascertain how the vanishing premiums worked . . . . Whether the plaintiff should have known that, and when, is quite another matter.").