'IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS (BOSTON)

| | |
|---|---|
| KAREN L. BACCHI, Individually and on Behalf of all Persons Similarly Situated, | )<br>)<br>)<br>) Civil Action No. 12-cv-11280-DJC |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, | )<br>)<br>)<br>) |
| Defendant. | ) |

**DECLARATION OF JASON B. ADKINS IN SUPPORT OF
PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Jason B. Adkins
ADKINS, KELSTON & ZAVEZ, P.C.
90 Canal Street, 5th Floor
Boston, MA  02114
Phone: (617) 367-1040
Fax: (617) 742-8280

Dated:  December 24, 2015

I, Jason B. Adkins, state upon the pains and penalties of perjury, based on my own direct knowledge or staff upon whom I rely, the following:

1. I am an attorney in good standing in the state and federal courts of Massachusetts, and represent Plaintiff in this case.

2. With this declaration and affidavit, I attach true and correct copies of the documents referenced as Exhibits, and attest to the facts set forth herein. For the Court's convenience, I include an Appendix of those Exhibits at the end of this document.

3. Attached as Exhibit 1 is Plaintiff's proposed First Amended Complaint ("FAC").

4. Attached as Exhibit 2 is the Transcript of the Hearing held on September 11, 2015, where the Court stated (at p. 9): "As we [the Court and staff] read it and as the plaintiff argues, it's clear from the complaint that they are alleging that the manner in which MassMutual calculated the fund and the ingredients, the things that use for those calculations was flawed in a number of ways … so I'm not sure it was necessary for them to specifically articulate them [in the Complaint]".

5. From the outset, Plaintiff pursued discovery delving into each of the issues encompassed by the broad allegations of her existing Complaint, including written discovery seeking documents detailing precisely how MassMutual performed its Safety Fund calculations and information explaining how MassMutual treated the assets included within its MVM computations (including derivatives and wholly owned subsidiaries) and its rationale for treating those assets as "securities" within the meaning of § 141. *See, e.g.*, Declaration of Jason B. Adkins in Support of Plaintiff's Motion to Compel Production of Outstanding Discovery and for Leave of Court to Serve Defendant with Additional Targeted Discovery ("Compel Declaration") (Doc. [119] (Filed Under Seal in accordance with Order at Doc. 120), ¶¶ 18, 21, 23, 26 and Exs. 2, 15 thereto. During the meet and confer process relating to these discovery requests, counsel

for Plaintiff explained how the requested information was relevant to the claims alleged by Plaintiff and the theories underlying those claims. *Id.* ¶¶ 4-6, 16-17, and Exs. 11 and 12 thereto.

6. MassMutual eventually produced over 2700 documents and tens of thousands of pages of spreadsheets it reportedly used to calculate its Safety Fund Limit during the relevant period. However, MassMutual refused to produce numerous categories of documents sought by Plaintiff, thereby necessitating further discovery conferences and additional motion practice. *See*, e.g., Compel Declaration at ¶¶ 5-6, 8, 15-17, 22-23, 26.

7. The final round of depositions in this case, including the additional Rule 30(b)(6) deposition ordered by Magistrate Judge Cabell, occurred during September and October of this year. Specifically, during this final round Plaintiff deposed: (i) Carol Dube, a MassMutual actuary involved in its Safety Fund calculations, (September 2, 2015); (ii) Ken Langevin, a MassMutual officer who supervised certain of the Safety Fund calculations (September 3, 2015; (iii) MassMutual's Chief Risk Officer, Elizabeth Ward Chicares (October 8, 2015): (iv) MassMutual's Rule 30(b)(6) designee on issues relating to its derivatives (October 20, 2015); and (v) Isadore Jermyn, MassMutual's Chief Actuary during the relevant years (October 9, 2015).

8. Plaintiff obtained testimony during her final round of depositions concerning the nature and treatment of MassMutual's interest rate and currency derivatives, MassMutual's highly effective hedging programs (which mitigate interest rate risk associated with its assets and liabilities) and facts demonstrating that the derivatives MassMutual uses for hedging purposes do not constitute securities. Plaintiff also secured deposition testimony on the sequence of events leading up to the dramatic changes MassMutual implemented in its Safety Fund calculations for 2001 and subsequent years (changes that Plaintiff alleges were effectuated to artificially and improperly inflate MassMutual's claimed Safety Fund limit).

3

9.     Attached as Exhibit 3 is the Transcript of the Hearing held on May 19, 2014, in which MassMutual acknowledged that the issues in this case would be framed by the parties' respective experts and justified its need for rebuttal reports to respond to whatever theories arose following discovery:

> MR. HEMR: *I won't go into it but, you know, we disagree to where the complexity is coming from in this case. In any event, everybody agrees that experts are going to be required.* I think because there's sort of a number of different ways that plaintiffs could articulate a theory of how to apply this formula such that we might be in excess of it -- you know, their current theory is, Well, don't count this part of the formula. You're not allowed to count that part of the
> formula anymore. Okay. *So there could be a different theory that's articulated in the course of the litigation. Whatever that is, we want to be able to respond to it when their experts provide that theory. So that's why we would want a rebuttal [expert reports] to whatever comes up from the plaintiffs.* So that's why we seek the schedule the way we have in our proposal.

*See* Ex.3 at 10-11. At the hearing, Plaintiff's counsel indicated that Plaintiff needed additional information to understand MassMutual's Safety Fund Calculations and counsel for MassMutual acknowledged that such information would be provided by discovery:

> THE COURT: What degree of fact dispute is there? I mean, is there a dispute about what was calculated -- how the calculations were done, whether they're correct or not?
>
> MR. ADKINS: There is, your Honor.
> . . .
> THE COURT: Is there any dispute about what they did?
>
> MR. ADKINS: Well, we don't really know what they did. We know on a very superficial level, but we've spent the last six months going through their materials that have been produced to us to date, and we're still -- with the
>
> interrogatories that we've gotten which we're trying to get perfected, we still have a hard time knowing precisely how this calculation has been made on the defendant's side. Ours, on the other hand, is a calculation you can figure out by just looking at a couple of lines in the annual statement. So we've got that complexity to work out.

4

MR. HEMR: Well, the reason our calculation is more complex is because it includes the entire formula that's provided in the statute. But without arguing the case here, we've provided in discovery … for all recent years copies of the documents, spreadsheets that have actually been used to do this calculation at Mass. Mutual. [sic] So they have those, they'll look at them. Presumably there could be further depositions and other discovery regarding those things, but they have the spreadsheets that we used to calculate it.

*Id.* at 11-12.

Signed under the pains and penalties of perjury this 24th day of December, 2015.


/s/ Jason B. Adkins
Jason B. Adkins, BBO #558560
ADKINS, KELSTON & ZAVEZ, P.C.
90 Canal Street, 5th Floor
Boston, MA  02114
Phone: (617) 367-1040
Fax: (617) 742-8280


**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on December 24, 2015.


Dated:  December 24, 2015                                              /s/ Jason B. Adkins
                                                                                           Jason B. Adkins

**ADKINS DECLARATION**
**APPENDIX OF EXHIBITS**

**Exhibit**

Plaintiff's First Amended Complaint ....................................................................................1

Transcript of Hearing held on September 11, 2015 ..............................................................2

Transcript of Hearing held on May 19, 2014 ........................................................................3