UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAREN L. BACCHI,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MASSACHUSETTS MUTUAL LIFE<br>INSURANCE COMPANY,<br><br>　　　　Defendant. | No. 12-cv-11280-DJC |

Judge Denise J. Casper: ELECTRONIC ORDER entered. ORDER ON REPORT AND RECOMMENDATIONS - Having reviewed Karen L. Bacchi's ("Plaintiff") objections, D. 196, to the Report and Recommendation ("R&R"), D. 193, and Massachusetts Mutual Life Insurance Company's ("Defendant") response to the same, D. 199, the Court rules as follows. The R&R recommends that the motion to amend be denied in substantial part and allowed only to the extent that it narrows the class period. In reaching this conclusion, after full briefing and oral argument by the parties, the Court (Cabell, M.J.) found that two of the claims in the amended complaint were new claims. The Court further concluded that there had been undue delay in seeking this amendment because the basis for the amendment was previously known to Plaintiff and there was no justification for the delay. The Court further found that there was prejudice to Defendant where such new claims were proposed after factual discovery had closed.

The Plaintiff objects to both findings. Upon *de novo* review of Plaintiff's objections, the Court rejects these objections as the conclusions in the R&R were not erroneous and are supported by the relevant facts and applicable law. The two new claims concern the Defendant's safety fund calculations: namely, that the Defendant should net its unrealized gains and that the Defendant should lower its MVM adjustment by a hypothetical tax rate. Plaintiff did not assert eeither claim in the operative complaint and they were not part of the factual discovery that is now concluded. Moreover, these claims are proposed three years after litigation and several months after fact discovery has closed, presumably long after Defendant decided its theory of defense and discovery plan. There was also no suggestion that Plaintiff was justified in its delay to seek such amendment where earlier produced discovery put Plaintiff on notice of the factual basis for such claims. Given this context, the magistrate judge also did not err in finding that Defendant would be prejudiced.

For all of these reasons, the Court ACCEPTS and ADOPTS the R&R, D. 193, and DENIES IN PART the motion to amend, D. 159. The motion to amend is ALLOWED only to the extent that it narrows the class period. (Hourihan, Lisa). (Entered: 05/20/2016)

# REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (#159)

March 25, 2016

CABELL, U.S.M.J.

Pending before the Court is the plaintiff's motion for leave to file its first amended complaint. For the reasons discussed below, it is recommended that the motion be granted in part and denied in part.

## I. Relevant Background

Massachusetts law limits the "surplus" funds that a mutual life insurance company may retain from its "participating business" to "an amount not in excess of twelve percent of its reserve for such business . . . and a margin of the market value of its securities over their book value . . . ." M.G.L. c. 175, § 141. The amount that a mutual life insurance company is permitted to retain is referred to as a "safety fund." *Id*. On July 12, 2012, the plaintiff, Karen Bacchi, filed a four count complaint alleging that the defendant, Massachusetts Mutual Life Insurance Company, since 1999, has manipulated its safety fund calculation in order to improperly retain funds that it otherwise would have been obligated to distribute to policyholders. (Dkt. No. 1).

On December 24, 2015, the plaintiff moved to amend her complaint. (Dkt. No. 159). The proposed amendments in the aggregate relate to three aspects of the safety fund calculation. First, the plaintiff in her complaint alleges that the defendant may not take a market value over book value (MVM) adjustment as part of the safety fund calculation. The proposed amended complaint recognizes that such an adjustment may be taken, but alleges that the adjustment may not include interest rate or currency derivatives, stock in wholly-owned subsidiaries, long-term invested assets ("BA Assets"), or FX gains. Second, the complaint does not make any

allegations regarding the treatment of unrealized gains but the proposed amended complaint contends that the defendant should "net" its unrealized gains.  Third, the original complaint does not make any allegations regarding hypothetical taxes but the proposed amended complaint contends that the defendant should lower its MVM adjustment by a hypothetical tax rate of 35%.[1]  (Dkt. No. 160-1 at ¶¶ 41-43).

The plaintiff avers that the proposed amendments do not add any new parties or claims for relief or otherwise substantively amend the complaint.  She contends that they instead reflect "a more detailed understanding of MassMutual's accounting methodologies and Safety Fund practices," which in turn allowed her to refine "her theories as to the precise nature and extent of MassMutual's challenged miscalculations."  The plaintiff asserts that its "fundamental" challenges to the way the defendant calculated the safety fund has not changed, and that she has moved to amend only to "preclude any argument that those challenges are somehow not encompassed by the operative complaint."  (Dkt. No. 159).

The plaintiff asserts at the same time, however, that she suspected all along that there were issues with these three areas of the safety fund calculation.  The plaintiff contends that she was not able to amend the complaint, however, until after she received supplemental discovery responses in September and October 2015, and then honed her theory through expert analysis.

The defendant argues that the proposed amendments substantively amend the core allegation in the original complaint.  It contends that the principal thrust of the original complaint is that the defendant improperly calculated the safety fund because it included a market value over book value adjustment, something the plaintiff contended should not be included, at all.

---

[1] The plaintiff also proposes narrowing the prospective class period by two years, from 1999 to the present, to 2001 to the present.  The defendant does not object to this proposed amendment and the Court thus recommends that this portion of the motion to amend be granted.

The defendant argues that the proposed amended complaint jettisons this theory (because it lacks merit), and now, differently, alleges that the defendant improperly calculated the safety fund because of the three factors noted above.  The defendant points as proof to Interrogatory No. 1, which asked the plaintiff to provide her "specific calculation" of the safety fund for each year in the class period.  The plaintiff had responded that the safety fund should have been limited to "twelve percent of reserves," that is, it should have been calculated without inclusion of an MVM adjustment.  (Dkt. No. 129 at pp. 3-11).  The defendant argues that the failure of the Interrogatory response to mention the specific safety fund calculation criticisms set out in the proposed amended complaint demonstrates that the proposed amended complaint does indeed introduces new claims.  The defendant argues that the proposed amendments are untimely because the plaintiff has been aware of the factual basis for the proposed amendments since at least 2013, when the defendant produced documents explaining how it calculated its safety fund.  (Dkt. No. 163 pp. 3-8).  The defendant claims that the delay would prejudice the defendant were the claims to now be incorporated because the defendant has effectively been precluded from exploring them in discovery by, for example, questioning the plaintiff during her deposition, or hiring a tax expert.  (Dkt. No. 163 at pp. 15-16).

**II.     Discussion**

Federal Rule of Civil Procedure 15 provides that leave of court is required where a plaintiff seeks to amend a complaint more than 21 days after "service of a responsive pleading or . . . motion under Rule 12(b), (e), or (f)."  Fed. R. Civ. P. 15(a).  The Court's task is to determine whether "justice . . . requires" that leave to amend be granted, *id.*, a determination that requires that the Court "examine the totality of the circumstances and to exercise its informed discretion in construing a balance of pertinent considerations."  *Palmer v. Champion Mortg.*, 465

F.3d 24, 30-31 (1st Cir. 2006). In that regard, one key consideration is whether the plaintiff was diligent in seeking leave to amend. *Perez v. Hosp. Damas, Inc.*, 769 F.3d 800, 802 (1st Cir. 2014) ("undue delay in moving to amend, even standing alone, may be . . . an adequate reason" to deny a motion for leave to amend); *United States ex rel. Hagerty v. Cyberonics, Inc.*, No. 13-10214-FDS, 2015 WL 7253675, at *3 (D. Mass. Nov. 17, 2015) (explaining that "delays for periods as short as eleven months, four months, and less than three months have been found to constitute undue delay"). Where a motion to amend the complaint is made at a late stage in the proceedings, the plaintiff has the "burden of showing some valid reason for his neglect and delay." *Perez*, 769 F.3d at 802 (quoting *In re Lombardo*, 755 F.3d 1, 3 (1st Cir. 2014)). The Court may also consider whether the defendant will be prejudiced if the requested amendment is allowed. *Acosta-Mestre v. Hilton Intern. Of Puerto Rico, Inc.*, 156 F.3d 49, 51 (1st Cir. 1998).

Applying these principles here, the Court finds as a threshold matter that the proposed amendments do advance claims that were not raised in the original complaint. The proposed amendment which now recognizes the appropriateness of including an MVM adjustment as part of the safety fund calculation, but goes on to allege that it may not include interest rate or currency derivatives, stock in wholly-owned subsidiaries, BA Assets or FX gains, is not explicitly set out in the complaint, and is, *at best,* encompassed only implicitly in catch-all language alleging that the defendant may have alternatively "grossly overstated numbers for the excess of the market over book value of its securities…."[2] *See* Dkt. No. 1, ¶ 49. Even assuming as much, however, the plaintiff's failure to subsequently revise its response to Interrogatory No. 1 to explicitly encompass this notion reasonably gave the defendant a basis to assume that the

---

[2] For purposes of the present motion, the Court takes no position on whether the original complaint provided adequate notice under Federal Rule of Civil Procedure 8(a) that the plaintiff intended to allege among other things that it was proper to include an MVM adjustment in the safety fund calculation but improper to include within that adjustment the types of items identified in the proposed amended complaint.

plaintiff only intended to proceed to trial or summary judgment on the more narrow ground set out in the complaint, *i.e.,* that it was improper to include an MVM adjustment at all in calculating the safety fund. There is no question regarding the other two areas where amendment is sought; the complaint just does not make any allegations at all regarding the treatment of unrealized gains or the application of a hypothetical tax to the MVM adjustment. The Court thus reads the proposed amended complaint as advancing new rather than just more refined allegations.

Having reviewed the documents the defendant produced in 2013, the Court finds that the plaintiff was aware, or at a minimum should have been aware, of the factual basis for the new allegations long before she moved to amend the complaint in late December of 2015. Among other things, the defendant had produced letters sent to the Division of Insurance which specifically stated that the defendant's safety fund calculation did not include a hypothetical tax rate and that the MVM calculation did include derivatives, as well as safety fund calculations that identified specific interest rate and currency swaps included in the MVM. Notably, the plaintiff was unable at oral argument to identify any specific, new information learned in the final days of fact discovery prompting only then the belated amendment request. Instead, the plaintiff argued that it would have been inefficient to seek to amend the complaint before her expert had developed the exact safety fund calculations she plans to offer at trial. This explanation is not compelling because the plaintiff was required only to plead facts sufficient to put the defendant on "'fair notice' of the nature of [her] claim [and] the 'grounds' on which the claim rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). That is something the plaintiff could have done, and should have done, once she was aware of the facts that formed the basis of her claim.

The Court is also convinced that the defendant has been prejudiced by the plaintiff's undue delay in seeking leave to amend. Even assuming the original complaint could be read to allege that it was improper to include certain types of assets in the MVM calculation, there is nothing in the complaint to suggest that the plaintiff took issue with the defendant's failure to net unrealized losses against unrealized gains, or to include a hypothetical tax rate in its MVM calculation. Because the plaintiff waited to seek leave to amend until after fact discovery was closed, and after the defendant's expert reports had been served, the defendant has been foreclosed from exploring these new allegations in discovery. Even if that prejudice could be mitigated by reopening discovery, such a course of action would create its own species of prejudice by delaying dispositive motions and requiring the defendant to adjust its litigation strategy at this late stage in the proceedings. *See Acosta-Mestre*, 156 F.3d at 52 (finding that defendant would be prejudiced where proposed amendments to complaint would necessitate reopening discovery and postponing trial).

### III.   Conclusion

Because of the plaintiff's undue delay in moving to amend her complaint and the prejudice to the defendant if substantive amendments were to be allowed at this stage in the litigation, it is respectfully recommended that the plaintiff's motion to amend the complaint be GRANTED to the extent that she seeks leave to narrow the class period, and DENIED in all other respects. The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the

proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See *Keating v. Secretary of Health and Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); see also *Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  March 25, 2016