# EXHIBIT B

<u>UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS</u>

**If you are or were the owner of a participating policy of the Massachusetts Mutual Life Insurance Company at any time between January 1, 2001 and December 31, 2016, inclusive, you are a part of a class action settlement.**

IMPORTANT
PLEASE READ THIS NOTICE CAREFULLY
THIS NOTICE RELATES TO THE PENDENCY OF A CLASS ACTION LAWSUIT AND, IF YOU ARE A SETTLEMENT CLASS MEMBER, CONTAINS IMPORTANT INFORMATION, INCLUDING ABOUT YOUR RIGHTS TO OBJECT TO THE SETTLEMENT

*A Federal Court authorized this notice.  You are not being sued.*
*This is not a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit against Massachusetts Mutual Life Insurance Company ("MassMutual"). The class action lawsuit challenges whether MassMutual correctly calculated its compliance with the limitation on retained surplus set forth in Section 141 of Chapter 175 of the General Laws of Massachusetts.

- You are included in the settlement if you were a participating policyholder of MassMutual at any time between January 1, 2001 and December 31, 2016, inclusive (the "Settlement Class Period"), whether or not you received a dividend during that period.

- MassMutual has agreed to pay a settlement fund totaling $37.5 million. Members of the Settlement Class with policies that received an annual dividend during the Settlement Class Period are eligible to receive a pro rata share of a settlement fund remaining after payment of any attorneys' fees and expenses the Court awards to Plaintiff's lawyers and any service award to Plaintiff.  The amount of each Class Member's payment is based on annual dividends paid on each participating policy they own as a pro rata share of the total amount of annual dividends MassMutual paid on all participating policies issued during the Settlement Class Period.  However, if your MassMutual policy or policies are not in force *and* your pro rata share of the settlement fund would be less than $1.00 you will not receive a payment.

- Please read this notice carefully. Your legal rights are affected whether you act, or don't act.

| **THIS TABLE CONTAINS A SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT** | |
|---|---|
| **EXCLUDE YOURSELF BY [DATE]** | You will receive no benefits under the settlement, but you will retain any rights you currently have to pursue claims against MassMutual about the allegations in this case. |
| **OBJECT BY [DATE]** | Write to the Court if you don't like the settlement to explain why you object. |
| **ATTEND A HEARING** | Ask to speak in Court about the fairness of the settlement. |

QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR VISIT WWW.[WEBSITE].NET

| | |
|---|---|
| **DO NOTHING** | You will get your share of the settlement benefits to which you are entitled and will give up your rights to sue MassMutual about the allegations in this case. |

## BASIC INFORMATION

### 1. What is this notice and why should I read it?

A court authorized this notice to let you know about a proposed class settlement of a lawsuit called <u>Bacchi v. Massachusetts Mutual Life Insurance Company</u>, D. Mass. Civil Action No. 12-11280-DJC (the "Action") pending in the United States District Court for the District of Massachusetts. You need not live in Massachusetts to get a benefit under the settlement. This notice describes the settlement. Please read this notice carefully to determine whether you wish to participate in the settlement.  Your rights and options — **and the deadlines to exercise them** — are explained in this notice.  Please understand that if you are a settlement class member, your legal rights are affected regardless of whether you act.

### 2. What is a class action lawsuit?

A class action is a lawsuit in which one or more plaintiffs — in this case, Plaintiff Karen L. Bacchi (the "Plaintiff") — sue on behalf of a group of people who allegedly have similar claims. After the Parties reached an agreement to settle this case, the Court granted preliminary approval of the settlement and preliminarily determined that the case should be treated as a class action for settlement purposes. Among other things, this preliminary approval permits Settlement Class Members to exclude themselves from the Settlement Class and to voice their support of or objection to the settlement before the Court makes a final decision whether to approve the settlement. In a class action, the court resolves the issues for all class members, except those who exclude themselves from the class.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

### 3. What is this lawsuit about?

Plaintiff filed a class action complaint against Defendant MassMutual on behalf of a class of MassMutual participating policyholders alleging that MassMutual withheld more surplus than allowed by Section 141 of Chapter 175 of the General Laws of Massachusetts.  Plaintiff alleges that MassMutual therefore was obligated to pay additional dividends on its participating policies in years during the Settlement Class Period.  A more complete description of what Plaintiff alleges is in the Complaint, which is available on the Settlement Website at [URL].

MassMutual denies Plaintiff's claims of wrongdoing or liability against it, and asserts that its conduct was lawful. MassMutual's answer to the allegations in the Complaint is available on the Settlement Website at [URL].  MassMutual is settling the Action solely to avoid the expense, inconvenience, and inherent risk and disruption of litigation.

### 4. Why is there a settlement?

The Court has not decided in favor of either side in the case. Instead, both sides agreed to a settlement. That way, both sides avoided the cost and risk of a trial, and the affected current and

former MassMutual policyholders will get substantial benefits. The Plaintiff and her attorneys think the settlement is in the best interests for everyone who owned a participating MassMutual policy during the Settlement Class Period.

## WHO'S INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am in the Settlement Class?

The Court decided that everyone who fits this description is a member of the **Settlement Class**:

"All individuals and entities who were participating policyholders of MassMutual at any time during the Settlement Class Period [*i.e.*, 'the period of time between January 1, 2001 and December 31, 2016, inclusive'], whether or not those policyholders received a dividend during the Settlement Class Period."

The Court has excluded from the Settlement Class "(1) the Honorable Denise J. Casper of the District of Massachusetts (or other Circuit, District, or Magistrate Judge presiding over the Action through which this matter is presented for settlement) and court personnel employed in Judge Casper's or such other Judge's chambers or courtroom; (2) MassMutual, MassMutual's subsidiaries, successors, predecessors, and any entity in which MassMutual has a controlling interest and their current or former officers and directors, except to the extent MassMutual or such other entity is the owner of a policy held for the benefit of an individual who is not otherwise excluded from membership in the Settlement Class and that individual receives the benefit of any dividends that may accrue on the policy; (3) any officer or director of MassMutual identified in MassMutual's Annual Statement during the Settlement Class Period and any member of those persons' immediate families; (4) Persons who properly execute and file a timely Request For Exclusion from the Settlement Class; and (5) the legal representatives, successors, or assigns of any such excluded Persons (but only then in their capacity as legal representative, successor, or assign)."

If you meet the definition above, and you are not among those specifically excluded by the Court, you are a member of the Settlement Class.

## THE SETTLEMENT BENEFITS

### 6. What does the settlement provide?

MassMutual has agreed to pay $37,500,000 to Settlement Class Members, which sum includes amounts for attorney's fees and expenses and a service award to Plaintiff (the latter of which amounts must be approved by the Court). (See Questions No. 9-10.) The amount of each Class Member's payment is based on annual dividends paid on each participating policy they own as a pro rata share of the total amount of annual dividends MassMutual paid on all participating policies issued during the Settlement Class Period. (Settlement Class Members who do not own an in-force policy *and* whose pro rata share of the settlement fund is below $1.00 will not receive a payment.) In addition, MassMutual has agreed to pay the full administrative costs of the settlement.

The Parties estimate that the average amount paid to Settlement Class Members receiving benefits will be $22.02.

MassMutual also has agreed to continue for at least 10 years to provide to the Massachusetts Division of Insurance voluntary annual safety fund calculations under Section 141 of Chapter 175 of the General Laws of Massachusetts.

If you are a member of the Settlement Class (see Question No. 5) and you *currently* own a participating policy that received any annual dividend during the Settlement Class Period, you will receive a payment under the settlement in the form of a paid-up addition to your policy.  If your policy cannot receive paid-up additions for some reason, you may receive a check for the amount of your payment net of any applicable income tax withholding obligations if the amount of that check is not less than $1.00.

If you are a member of the Settlement Class and you *previously* owned a MassMutual participating policy issued during the Settlement Class Period and that received dividends, then you will receive a payment under the settlement if the amount of the payment to you is at least $1.00.  The Parties agreed to propose a minimum threshold because of the administrative costs associated with very small payments.  You do not have to submit a claim to receive a payment under the settlement.

## HOW TO GET BENEFITS

### 7. How do I get benefits?

The benefits of the settlement will be distributed automatically once the Court approves the settlement. Settlement Class Members do not have to submit claim forms in order to receive settlement benefits.

### 8. When will I get my payment?

If you own an in-force participating policy that was paid dividends during the Settlement Class Period, then you will receive your pro rata share of the $37,500,000 in the form of additional paid up additions effective no later than 125 days after the settlement has received final approval and/or after any appeals have been resolved in favor of the settlement.  The hearing to consider the final fairness of the settlement is scheduled for [Fairness Hearing Date].

If your participating policies are not in force and your pro rata share is not less than $1.00, you should receive a check from the Settlement Administrator within 90 days after the settlement has received final approval and/or after any appeals have been resolved in favor of the settlement.   All checks will expire and become void 180 days after they are issued.

## THE LAWYERS REPRESENTING YOU

### 9. Who represents the Settlement Class?

For purposes of the settlement, the Court has appointed lawyers from the law firms of Adkins, Kelston & Zavez, P.C.; Bonnett, Fairbourn, Friedman & Balint, P.C.; and Chavez & Gertler LLP as Class Counsel.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense. In addition, the Court appointed Plaintiff Karen L. Bacchi to serve as the Class Representative. She is also a Settlement Class Member.

Subject to approval by the Court, Class Counsel has proposed that up to $3,000 may be paid to the Class Representative in recognition of time and effort she expended on behalf of the Settlement Class. The Court will determine the proper amount of any award to the Class Representative. The Court may award less than that amount.

### 10. How will the lawyers be paid?

From the beginning of the case, which was filed in July 2012, to the present, Class Counsel have not received any payment for their services in prosecuting the case or obtaining the settlement, nor have they been reimbursed for any out-of-pocket expenses they have incurred. Class Counsel will apply to the Court for an award of attorneys' fees not to exceed 25% of the $37,500,000 settlement amount plus their costs and expenses incurred in prosecution of the case. MassMutual has agreed not to object to such an application. The Court will determine the proper amount of any attorneys' fees and expenses to award Class Counsel.

Any attorneys' fees and expenses awarded by the Court will be paid to Class Counsel from the $37,500,000 settlement fund. The Settlement Class Members will not have to pay anything toward the fees or expenses of Class Counsel.

## YOUR RIGHTS AND OPTIONS

### 11. What is the effect of final approval of the settlement?

If the Court grants final approval of the settlement, a final order and judgment dismissing the case will be entered in the Action. Payments under the settlement will then be processed and distributed. The release by Settlement Class Members will also take effect. All members of the Settlement Class will release and forever discharge MassMutual and each of the Released Parties from any and all Released Claims (as defined in the Agreement). Please refer to Section IV of the Agreement for a full description of the claims and persons that will be released upon final approval of the settlement.

Any and all members of the Settlement Class who do not exclude themselves from the Settlement Class will <u>not</u> be permitted to continue to assert Released Claims in any other litigation against MassMutual or the other persons and entities covered by the Release. If you do not wish to be a Settlement Class Member, you must exclude yourself from the Settlement Class.

If the settlement is not approved, the case will proceed as if no settlement had been attempted or reached. If the settlement is not approved and the case resumes, there is no assurance that a class would be certified for litigation purposes or that members of any certified class will recover more than is provided for under the Agreement, or anything at all.

### 12. What happens if I do nothing at all?

If you do nothing, you will release any claims you may have against MassMutual or the Released Parties concerning the conduct Plaintiff alleges in her complaint. (See Question No. 14.) You may also receive a payment as described in Question No. 8.

### 13. How do I get out of the settlement?

To exclude yourself from the Settlement Class, you must send a letter saying that you "wish to be excluded from the Settlement Class in <u>Bacchi v. Massachusetts Mutual Life Insurance Company</u>,

Civil Action No. 12-11280-DJC"; include your name and address, and your signature. **Your Request For Exclusion must be postmarked no later than [date], and sent to the Settlement Administrator at the following address:  [insert address].**

If you exclude yourself from the Settlement Class you will not receive any payment under the settlement and you cannot object to the settlement.  You will not be legally bound by anything that happens in the Action.

### 14. If I don't exclude myself, can I sue MassMutual for the same thing later?

No.  Unless you exclude yourself, you give up any right to sue MassMutual for the claims being resolved by this settlement.

### 15. If I exclude myself, can I get anything from this settlement?

No.  If you exclude yourself, you are not entitled to any benefits under the settlement, but you will also not be bound by the settlement.

### 16. How do I object to the settlement?

If you do not exclude yourself from the Settlement Class, you can object to the settlement if you don't like any part of it. If you object, you must give the reasons why you think the Court should not approve the settlement. The Court will consider your views. Your objection to the settlement must be postmarked no later than [date] and must be sent to the Court and the attorneys for the Parties at the addresses below:

| Court | Class Counsel | MassMutual's Counsel |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>District of Massachusetts<br>John Joseph Moakley<br>   U.S. Courthouse<br>One Courthouse Way,<br>   Suite 2300<br>Boston, MA 02210 | Jason B. Adkins<br>John Peter Zavez<br>ADKINS, KELSTON &<br>   ZAVEZ, P.C.<br>90 Canal Street, 5th Floor<br>Boston, MA 02114 | James R. Carroll<br>Kurt Wm. Hemr<br>Alisha Q. Nanda<br>SKADDEN, ARPS, SLATE,<br>   MEAGHER & FLOM LLP<br>500 Boylston Street<br>Boston, MA 02116 |

The objection must be in writing and include the case name <u>Bacchi v. Massachusetts Mutual Life Insurance Company</u>, Civil Action No. 12-11280-DJC; as well as include your (a) name; (b) address; (d) a statement that you are a member of the Settlement Class; (e) the specific grounds for the objection (including all arguments, citations, and evidence supporting the objection); (f) all documents or writings that you desire the Court to consider (including all copies of any documents relied upon in the objection); (g) your signature; and (h) a notice of intention to appear at the Fairness Hearing (if applicable).  (If you are represented by counsel, you or your counsel must file your objection through the Court's CM/ECF system.)  The Court will consider all properly filed comments from Settlement Class Members.  If you wish to appear and be heard at the Fairness Hearing in addition to submitting a written objection to the settlement, you or your attorney must say so in your written objection.

Class Counsel will file with the Court and post on the Settlement Website its request for attorneys' fees two weeks prior to [objection/opt-out deadline].

### 17. What's the difference between objecting and excluding myself from the settlement?

Objecting means telling the Court what you don't like about the settlement. You can object only if you stay in the Settlement Class.  Excluding yourself from the Settlement Class is telling the Court that you don't want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

### 18. When and where will the Court hold a hearing on the fairness of the settlement?

A Fairness Hearing has been set for [date] at [time], before The Honorable Denise J. Casper at the John Joseph Moakley U.S. Courthouse, One Courthouse Way, Boston, Massachusetts 02210 in [courtroom].  At the hearing, the Court will hear any comments, objections, and arguments concerning the fairness of the proposed settlement, including the amounts requested by Class Counsel for attorneys' fees and expenses and any award to the Class Representative.  You do not need to attend this hearing.  You also do not need to attend to have an objection considered by the Court.  (See Question No. 19.)

**Note:**  The date and time of the Fairness Hearing are subject to change by Court Order, but any changes will be posted at [URL].

### 19. Do I have to come to the Fairness Hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as any written objection you choose to make was filed and mailed on time and meets the other criteria described in the settlement, the Court will consider it. You may also pay another lawyer to attend, but you don't have to.

### 20. May I speak at the Fairness Hearing?

If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning any part of the proposed settlement by following the instructions in Question No. 16 above.

## GETTING MORE INFORMATION

### 21. Where can I get additional information?

This notice provides only a summary of the matters relating to the settlement.  For more detailed information, you may wish to review the Agreement.  You can view the Agreement and get more information at [URL].  You can also get more information by writing to the Settlement Administrator at [address] or calling toll-free [number].  The Agreement and all other pleadings and

papers filed in the case are available for inspection and copying during regular business hours at the office of the Clerk of the U.S. District Court located at the John Joseph Moakley U.S. Courthouse, One Courthouse Way, Suite 2300, Boston, Massachusetts 02210.

If you would like additional information, you can also call Class Counsel at [800 number].

**PLEASE DO NOT CONTACT THE COURT, THE JUDGE, OR THE DEFENDANT MASSMUTUAL WITH QUESTIONS ABOUT THE SETTLEMENT.**