UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

KAREN L. BACCHI, individually and on
behalf of all those similarly situated,                    :

                                                 Civil Action

               Plaintiff,          :   No. 12-11280-DJC

     v.                                      :

MASSACHUSETTS MUTUAL LIFE                      :
INSURANCE COMPANY,

                                 :

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**[PROPOSED] ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING
CLASS FOR SETTLEMENT PURPOSES, APPOINTING CLASS REPRESENTATIVE,
APPOINTING CLASS COUNSEL, APPROVING PROCEDURE
AND FORM OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARING**

This matter having come before the Court on Plaintiff's Motion for preliminary approval
(the "Motion for Preliminary Approval") of a proposed class action settlement of the above-
captioned action (the "Action") between Plaintiff Karen L. Bacchi ("Plaintiff"), individually and
on behalf of the Settlement Class, and Defendant Massachusetts Mutual Life Insurance Company
("MassMutual"), as set forth in the Parties' Stipulation And Agreement Of Compromise,
Settlement And Release Of Action (the "Stipulation"), and having duly considered the papers
and arguments of counsel, the Court hereby finds and orders as follows:

1.     The Court has read and considered the Stipulation, including its Exhibits, and
having heard from the Parties hereby preliminarily approves the Stipulation in its entirety.
Unless otherwise defined herein, all capitalized  terms in this Order shall have the meanings
ascribed to them in the Stipulation.

2.      The Court has conducted a preliminary evaluation of the proposed settlement as set forth in the Stipulation ("the Settlement") for fairness, adequacy, and reasonableness. Based on this evaluation, the Court preliminarily finds that (i) the Settlement is fair, reasonable, and adequate, and within the range of possible approval, (ii) the Stipulation has been negotiated in good faith at arms-length between experienced attorneys familiar with the legal and factual issues of this case, (iii) the form of notice of the Settlement and of the Fairness Hearing is appropriate and warranted; and (iv) the Settlement meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and 28 U.S.C. §§ 1713-1714, and is not a coupon settlement for purposes of 28 U.S.C. § 1712. The Settlement, the Stipulation, and this Order, collectively or individually, are not a finding or admission of liability by Defendant or any other party.

3.      Pursuant to Federal Rule of Civil Procedure 23(b)(3), and for settlement purposes only, the Court conditionally certifies the proposed Settlement Class, consisting of:

> All individuals and entities who were participating policyholders of MassMutual at any time during the Settlement Class Period, whether or not those policyholders received a dividend during the Settlement Class Period.

The Settlement Class Period is the period of time between January 1, 2001 and December 31, 2016, inclusive. Excluded from the Settlement Class are (1) the Honorable Denise J. Casper of the District of Massachusetts (or other Circuit, District, or Magistrate Judge presiding over the Action through which this matter is presented for settlement) and court personnel employed in Judge Casper's or such other Judge's chambers or courtroom; (2) MassMutual, MassMutual's subsidiaries, successors, predecessors, and any entity in which MassMutual has a controlling interest and their current or former officers and directors, except to the extent MassMutual or such other entity is the owner of a policy held for the benefit of an individual who is not otherwise excluded from membership in the Settlement Class and that individual receives the

benefit of any dividends that may accrue on the policy; (3) any officer or director of MassMutual identified in MassMutual's Annual Statements during the Class Period and any member of those persons' immediate families; (4) Persons who properly execute and file a timely Request For Exclusion from the Settlement Class; and (5) the legal representatives, successors, or assigns of any such excluded Persons (but only then in their capacity as legal representative, successor, or assign).

4.      For settlement purposes only, the Court hereby preliminary approves the appointment of Plaintiff Karen L. Bacchi as Class Representative.

5.      For settlement purposes only, the Court hereby preliminary approves the appointment of Jason B. Adkins and John Peter Zavez of Adkins, Kelston & Zavez, P.C., Andrew Friedman and Francis J. Balint, Jr., of Bonnett, Fairbourn, Friedman & Balint, P.C., and Mark A. Chavez of Chavez & Gertler LLP as Class Counsel.

6.      On July 27, 2017 at 3 : 00 ~~a.m.~~/p.m. or at such other date and time later set by Court Order, in courtroom 11 of the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210 this Court will hold the Fairness Hearing on the fairness, adequacy, and reasonableness of the Settlement  and to determine whether (i) final approval of the Settlement should be granted, and (ii) Class Counsel's application for attorneys' fees and expenses, and an incentive award to Plaintiff, should be granted, and in what amount. No later than June 19, 2017, Plaintiff shall file Class Counsel's application for attorneys' fees and expenses, and the Incentive Award to the Class Representative. No later than 14 days prior to the Fairness Hearing, Plaintiff shall file papers in support of final approval of the Settlement and in response to any written objections.  Defendant may (but is not required to) file papers in support

of final approval of the Settlement, so long as they do so no later than 14 days prior to the Fairness Hearing.

7.     Pursuant to the Stipulation, Analytics Consulting, LLC is hereby appointed as Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Stipulation and this Order.

8.     The Court approves the proposed Notice Plan for giving direct notice to the Settlement Class by first class mail and establishing a Settlement Website, as more fully described in the Stipulation. The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances. No later than 35 days following the entry of this Preliminary Approval Order, the Settlement Administrator shall cause the Settlement Website to by published on the Internet. No later than 35 days following the entry of this Preliminary Approval Order and in accordance with the terms of the Stipulation, the Settlement Administrator shall disseminate the Settlement Class Notice that is Exhibit B to the Stipulation via first class mail to the Settlement Class (i.e., the Notice Date).

9.     Each Person encompassed by the definition of the Settlement Class and who wishes to exclude themselves from the Settlement Class must send a written Request For Exclusion to the Settlement Administrator by July 3, 2017 providing his, her, or its name and address; a physical signature by the Person seeking exclusion; the name and number of the Action (i.e., Bacchi v. Massachusetts Mutual Life Insurance Company, D. Mass. Civil Action No. 12-11280-DJC); and a statement that he, she, or it wishes to be excluded from the Settlement Class for purposes of the Settlement. A Request for Exclusion that does not include all the foregoing information, that is sent to an address other than the one designated in the notice, or

that is not received within the time specified, shall be invalid and any Person(s) serving such a request shall be deemed a member of the Settlement Class, and shall be bound as a Settlement Class Member(s) by the Settlement; provided that any ambiguity will be construed in favor of exclusion. The Settlement Administrator shall forward copies of all Requests for Exclusion to Class Counsel and Defendant's Counsel within 3 business days of receipt.

10.     Any member of the Settlement Class may comment in support of or in opposition to the Settlement; provided, however, that all comments and objections must be filed with the Court and be mailed or otherwise delivered to Class Counsel and Defendant's Counsel by July 3, 2017. Settlement Class Members represented by their own counsel must file their objection through the Court's CM/ECF system and need not separately mail a copy to Class Counsel or Defendant's Counsel. A Settlement Class Member who objects to the Settlement need not appear at the Fairness Hearing for his, her, or its objection  to be considered by the Court. All objections from Settlement Class Members must include in the written objection his, her, or its name and address; include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on); state that he, she, or it is a Settlement Class Member; provide his, her, or its name and address; provide a physical signature by the Person; and provide a statement indicating whether the objector intends to appear at the Fairness Hearing with or without counsel.

11.     Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his, her or its objections and forever be barred from making any such objections in this Action or in any other action or proceeding.

12.     The Stipulation and the proceedings and statements made pursuant to the Stipulation or papers filed relating to the approval of the Stipulation, and this Order, are not and

shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties or a Released Party.  Defendant has denied and continues to deny the claims asserted by Plaintiff.  Nothing contained herein shall be construed to prevent the Parties from offering the Stipulation into evidence for the purposes of enforcement of the Stipulation.

13.    The certification of the Settlement Class shall be binding only with respect to the settlement of the Action.  In the event that the Stipulation is terminated pursuant to its terms or is not approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other court, the certification of the Settlement Class shall be deemed vacated, the Settlement Class will be automatically decertified, and the Action shall proceed as if the Settlement Class had never been certified, Defendant's right to oppose a later motion for class certification, if any will be unimpaired by this Order and related proceedings; and no reference to the Settlement Class, the Stipulation, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

**IT IS SO ORDERED** this  29th day of March, 2017.

Denise J. Casper
United States District Judge