# ROBERT A. FISHER
## 300 N. SWALL DRIVE  UNIT 451
## BEVERLY HILLS, CALIFORNIA 90211

May 4, 2017

Clerk of the Court
United States District Court
District of Massachusetts
John Joseph Moakley U.S. Courthouse
One Courthouse Way, Suite 2300
Boston, MA 02210

Re: Bacchi v. Massachusetts Mutual Life Insurance Company
D. Mass Civil Action No. 12-11280-DJC

Dear Sir or Madam:

I am a member of the Class in the above referenced Action.  I hereby object to the Settlement.

I understand and support the Public Policy considerations behind Class Action suits.  Awarding Class Counsel fees of up to 25% of the Settlement in this Action is a perversion of the Public Policy considerations underlying Class Action claims.

Massachusetts Mutual Life Insurance Company is a mutual life insurance company.  As such, it's policy holders are the owners of the Company and are entitled to receive any profits by way of policy dividends.  The Settlement will reduce the current profits of Mass Mutual, thereby reducing the policy holders' current policy dividends.

The Settlement will provide the policy holders with an average of $22.02 of additional policy dividends, but only after Class Counsel has stripped off up to $9,375,000 in fees.  For every 75¢ of

# ROBERT A. FISHER
## 300 N. SWALL DRIVE  UNIT 451
## BEVERLY HILLS, CALIFORNIA 90211

Settlement proceeds, policy holders lose $1.00 in current policy dividends which they would have otherwise received.

This Class Action is distinguishable from the area of shareholder Class Action litigation.  Investors regularly buy and sell shares.  There can be a significant disparity between the make-up of a Class and the current shareholders of the company who are bearing the economic cost of a settlement.  People who buy whole life insurance policies tend to own their policies for decades, which significantly reduces any disparity between the class on the one hand and the current policy holders bearing the economic cost of any settlement on the other.

I encourage the Court to consider one of three courses of action.

1. Reject the Class Settlement in its entirety as not in the best interest of the Class.
2. Modify the Settlement to exclude current policyholders from the Class with a pro rata reduction in the Award (and Class Counsel's fee).  The current policyholders are the parties bearing the cost of Class Counsel's fee without enjoying a net economic benefit.  To the extent that the current policy holders comprise 75% or more of the Class, they are economically better off in the aggregate foregoing their share of the Settlement in exchange for relief from bearing a share of the cost of Class Counsel's fee.
3. Modify the Settlement to significantly reduce the percentage fee which Class Counsel is awarded.

This Settlement doesn't economically address the claims of the Class.  The only winners are Class Counsel.  It is a perversion of the Policy considerations underlying Class Action claims.  The Class, as

## ROBERT A. FISHER
### 300 N. SWALL DRIVE  UNIT 451
### BEVERLY HILLS, CALIFORNIA 90211

the injured parties, are the ones entitled to compensation.  After the loss of their current year policy dividends, these members of the Class are actually worse off with the Settlement than without it.

I'm a private person.  If possible, I'd prefer to retain my anonymity.  If it's not possible, I am prepared to forego my anonymity.

I am not a lawyer.  Apologies for any errors in form.

Respectfully submitted,

Robert A. Fisher