Kenneth M. Gorenberg
3916 Dundee Rd.
Northbrook, IL 60062

June 14, 2017

| Court | Class Counsel | MassMutual's Counsel |
|---|---|---|
| Clerk of the Court<br><br>United States District Court<br><br>District of Massachusetts<br><br>John Joseph Moakley U.S. Courthouse<br><br>One Courthouse Way, Suite 2300<br><br>Boston, MA 02210 | Jason B. Adkins<br><br>John Peter Zavez<br><br>ADKINS, KELSTON & ZAVEZ, P.C.<br><br>90 Canal Street, 5th Floor<br><br>Boston, MA 02114 | James R. Carroll<br><br>Kurt Wm. Hemr<br><br>Alisha Q. Nanda<br><br>Skadden, Arps, Slate, Meagher & Flom LLP<br><br>500 Boylston Street<br><br>Boston, MA 02116 |

Re:   Bacchi v. Massachusetts Mutual Life Insurance Company, Civil Action No. 12-11280-DJC

Dear Judge Casper and Counsel:

I am a Partner in the law firm of Barnes & Thornburg LLP in Chicago, but I write as a class member and not on behalf of my firm or any of its clients. I have read the Important Case Documents on the mmlisettlement.com website, and I have practiced insurance law for more than 25 years. I object to the proposed settlement because it provides enormous fees to Class Counsel that far outweigh the benefits – if any – provided to class members.

If the allegations in the complaint are correct, we policyholders have lost some dividends, but it is extremely unlikely that any of us have lost amounts that would be impactful to us or our beneficiaries. This fact is underscored by the Parties' estimate that the average amount paid to Settlement Class Members receiving benefits will be $22.02.

Moreover, the allegations are essentially that MassMutual has been too conservative in its accounting by undercounting assets/surplus and overstating liabilities. Even with a mutual, I

think it's better for a life insurer to err on the side of conservative accounting so there will never be a shred of doubt about the company's ability to pay all claims.

Meanwhile, this litigation has created new expenses and liabilities for MassMutual; because it is a mutual company all those expenses and liabilities are borne by us policyholders, including those who are not class members. Those expenses and liabilities include the entire $37,500,000 settlement fund, plus MassMutual's Counsel's fees and other costs of defending this litigation and of administering the settlement. What is the grand total of these expenses and liabilities? $45,000,000? $50,000,000? Most if not all of this total cost is probably either not insured at all or is within MassMutual's self-insured retention, and there may be more remote but still significant costs incurred by MassMutual and therefore by us policyholders. What will we receive in return for this mid-eight figure investment? We have not been told, but it's obviously less than 75% of the $37,500,000 settlement fund. Let's assume the return is $25,000,000. Let's further assume that the total cost is $45,000,000. That's a negative 44% return on the investment in this litigation. To be clear, that's a 44% loss of policyholder money. In concrete dollars, it means we policyholders are spending approximately $50.00 apiece to get back $22.02. To be blunt, this strikes me as a fraud perpetrated by Class Counsel, with MassMutual, its Counsel, the mediator and the Court as accidental accomplices.

Finally, it is at the very least curious that the only stated method for objecting to the settlement is to mail a paper objection to each of you. In 2017, electronic options are obviously less expensive to send, more assured of delivery, and easier for each of you to review and consider. I wonder if the goal instead was to eliminate your review and simply have your respective staffs discard all objections. I certainly anticipate that my objection will have no effect.

I will not contribute to this nonsense by appearing at the Fairness Hearing.

Sincerely,

Kenneth M. Gorenberg