Clerk of the Court
U.S. District Court
District of Massachusetts
John Joseph Moakley U.S. Courthouse
One Courthouse Way, Suite 2300
Boston, MA 02210

June 28, 2017

Re: *Bacchi v. Massachusetts Mutual Life Insurance Co.*, No. 12-11280-DJC
**Objection to Class Action Settlement**

Dear Judge:

I am a settlement class member and am writing to object to the Mass Mutual class action settlement referenced above. In 1990, I purchased a Mass Mutual Whole Life policy that I still hold today. The policy has generally paid investment dividends of well over ten thousand dollars a year since 1990, however I have never received any rebate for "safety fund" overcharges. The notion that I may only get a refund of approximately $22.02 under this settlement agreement is frankly ridiculous in light of potentially much larger amounts of money that should have been refunded years ago. I object to this settlement for the following reasons:

1. **The Amount of Relief is Inadequate**

The class settlement amount is $37,500,000. After attorney's fees of $9,375,000, costs of $1,533,576, and the incentive award of $3,000 to the class representative, the net settlement fund is just $26,588,424. Each Class Member is entitled to their pro rata share of the net settlement funds based on their total dividends received compared to the total amount of dividends received by all the class members.

However, neither the court records, nor the settlement agreement, nor the notice tell us how much in dividends has been paid out to all of the class members over the class period. Consequently, it is difficult if not impossible to determine whether the $26.5 million fund is

1

adequate to cover the actual harm to the class over the 15 year class period. Additionally, since the total dividend outlay figures remain secret, we must assume the math doesn't add up and the relief is not adequate.

Furthermore, while the complaint states that Mass Mutual overcharged policy holders between 1 – 4 percentage points above the "safety fund" maximum of 12% during years 1999-2010, we have no information on the years 2011 through 2016. We also do not know whether the settlement fund amount assumes the overcharges referenced in the complaint (of 1 - 4 percentage points) or some other lesser amounts. Finally, we do not even know how much money (in dollar terms) these overcharges amount to on a yearly basis.

2.  **The Pro Rata Formula Improperly Includes Certain Dividends**

Under the settlement, class members who's pro rata share will be under $1.00 will not be paid due to the burden of administrative expenses involved. I understand this concept and do not disagree with this general premise. However, the dividends paid to these denied class members should not be included in the denominator of the pro rata calculation for the class members who *will* be paid. Furthermore, we do not even know (because none of the documents tell us) the ratio of dividends paid to the actual settlement value per dollar of dividends so we cannot determine whether we will be paid some amount or whether we will be under the $1.00 threshold.

3.  **The Settlement Does not Factor in the Time Value of Money**

The settlement does not account for the time value of money. For example, if Mass Mutual refunded back $100 in 2001 and added that money to the principle, I would have earned compound interest for sixteen years on those funds, more than doubling the $100 to over $218.

Consequently, dividends from earlier periods should be treated more favorably than more recent dividends. However, under this agreement, no distinction is made.

### 4. Attorneys' Fees are Excessive

While the case certainly dragged on for four years, it was not litigated to the point of justifying a $9.4 million attorney fee. There was some motion practice but the case didn't even make it to trial. Additionally, looking at the actual relief obtained, each policy holder, on average, is estimated to receive approximately $22.02. Some small policy holders, even though they were wronged, will get nothing due to high administrative costs. This relief cannot justify a fee award of close to $9.4 million for the attorneys.

In closing, this settlement is inadequate, miscalculates the class members pro rata shares, neglects to factor the time value of money and allows the attorneys to take an excessive share of the settlement funds. I do not plan on attending the Final Approval Hearing. Thank you.

Sincerely,

Francis Vitale
1 Sagamore Hill Rd.
Oyster Bay, NY 11771
Harborhill50@aol.com

cc: Jason B. Adkins
John Peter Zavez
ADKINS, KELSTON & ZAVEZ, P.C.
90 Canal Street, 5th Floor
Boston, MA 02114
*Class Counsel*

3

James R. Carroll
Kurt Wm. Hemr
Alisha Q. Nanda
Skadden, Arps, Slate,
Meagher & Flom LLP
500 Boylston Street
Boston, MA 02116
*MassMutual's Counsel*

Bacchi v. Massachusetts Mutual Life Insurance Co.
Analytics LLC
Settlement Administrator
P.O. Box 2004
Chanhassen, MN 55317-2004