Caroline Tucker
2086 Pomona Ave.
Costa Mesa, CA 92627

July 3, 2017

**SENT VIA US REGULAR MAIL TO:**

Clerk of the Court
United States District Court
John Joseph Moakley
U.S. Courthouse
One Courthouse Way,
Suite 2300
Boston, MA 02210

Jason B. Adkins
John Peter Zavez
ADKINS, KELSTON & ZAVEZ, P.C.
90 Canal Street, 5th Floor
Boston, MA 02114

James R. Carroll
Kurt Wm. Hemr
Alisha Q. Nanda
Skadden, Arps, Slate,
Meagher & Flom LLP
500 Boylston Street
Boston, MA 02116

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MASSACHUSETTS
## (BOSTON)

| | |
|---|---|
| KAREN L. BACCHI, Individually and on Behalf of all Persons Similarly Situated, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MASSACHUSETTS MUTUAL LIFE )<br>INSURANCE COMPANY, )<br>)<br>Defendant. ) | Civil Action No. 12-cv-11280-DJC |

## OBJECTION TO CLASS ACTION SETTLEMENT

I, Caroline Tucker, hereby object to the proposed class action settlement. I am a class member and my address is 2086 Pomona Ave., Costa Mesa, CA 92627. I do not intend to appear the Fairness Hearing.

This Court should deny the request for final approval of the settlement because it is unfair,

unreasonable, and inadequate. Fed. R. Civ. P. 23(e)(2). Class members will receive an average amount of benefits of $22.02. How does this number of benefits compare to the actual damages of each class member? Though the ratio of benefits to actual damages does not need to be 1:1, the ratio should be substantial as to justify the settlement. The Court must determine what Plaintiff's best case scenario if this case were to proceed to trial.

Next, the release is overbroad. It must be narrowly tailored to only include claims that relate to the subject matter of the complaint, and not all claims that could have been asserted. The release should also not cover payment of dividends. As it is written, the release contains a provision for "unknown" claims, which should be stricken.

Next, the class should not be certified as it does not meet the requirements of Rule 23(a). The named Plaintiff does not adequately represent the Class. The Class in this case is essentially broken into two groups, in-force and not-in-force class members. The class representative is only a member of the in-force group, thus cannot fairly represent the other group. This creates an unfair and unreasonable intraclass conflict. Additionally, some members of the Class will not receive any compensation at all, if their share does not equal a certain amount. These class members are giving up their rights with no compensation. These class members are also not adequately represented.

The attorney's fees are too high. The attorney's fees should be set, at most, as high as the lodestar, but setting the fees at the lodestar is too high because of the lack of information contained in the affidavits attached to the request for the attorney's fees. They contain very little information about what class counsel actually did during the course of litigation. There is no breakdown of how their time was spent. The parties must provide additional information about their time spent in the case in order to provide the Court enough information to determine the fairness of the fees. The hourly rate for class counsel are also set too high.

The Court should also carefully look at and reduce the total amount of expenses that are requested. Class counsel is requesting $30,000 in expenses from Westlaw alone. This amount is absurd, when class counsel undoubtedly has a monthly subscription. The Westlaw costs should not be included. In addition, the consulting fees are outrageously high. The Court should request to see actual bills to verify the veracity of these claims.

For the foregoing reasons, the Court should deny final approval of the settlement.

Date: July 3, 2017

Name: Caroline Tucker

Signature: _Cu Tu_