IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(BOSTON)

| | |
|---|---|
| KAREN L. BACCHI, Individually and on Behalf of all Persons Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. 12-cv-11280-DJC |

### OPPOSITION TO PLAINTIFF'S MOTION TO SET AN APPEAL BOND

Pro se Class Member-Objector/Appellant Francis Vitale submits this Opposition to Plaintiff's Motion to set an appeal bond ("Plaintiff's Motion"), and states the following:

**I. Plaintiff's Motion Includes Numerous False Statements.**

Plaintiff argues that I am a serial objector and that my objections are frivolous due to the number of previous objections I have filed and my choice of attorney in a previous objection. However, these so-called facts as asserted in Plaintiff's Motion are completely false.

**A. Number of Objections.**

In an effort to slander my name and paint me in an unfavorable light, Plaintiff's Motion and supporting Declaration claim that I filed three objections, including one in this case. However, I have always believed in the court system and I cannot understand why the number of my previous objections should matter. I deserve my day in court no matter how many previous objections I have filed.

Despite that, Plaintiff's statement that I have filed three objections, including this one, is false. I have only participated in two objections, including this one. The Plaintiff's assertion

1

that I participated in Hashw v. Department Stores National Bank, Civ. No. 13-727 (D. Minn.) is incorrect. I did not bring that objection nor did I receive any compensation for that objection. This should have been obvious since the objection referenced in Plaintiff's Motion had completely different contact information – i.e., the address, phone number and email address are different from mine in those documents. The objector in that case simply had the same name as me. To reiterate, I have no personal knowledge of that case nor did I make any objection there. In sum, the entire foundation of Plaintiff's argument that I am a "serial objector" due to the number of my previous objections is false.

**B. I am Not Represented by Attorney Christopher Bandas in this Matter.**

Plaintiff's attempt to connect me with attorney Christopher Bandas in this case is erroneous. Plaintiff apparently doesn't like Mr. Bandas or that he represents objectors in cases like these. However, Plaintiff's opinion of Mr. Bandas has nothing to do with me or my objection here. I initiated this objection without Mr. Bandas and can state that he has had absolutely no role, formally or informally, with my objection in this case.

Additionally, Mr. Bandas played a very minor role in my previous objection in the Arnett v. Bank of America N.A., Civ. No. 14-35872 matter. In that case, I made my objection and corresponded with the plaintiff's lawyers on my own, essentially until the last day of the case. Mr. Bandas, whom I understand represented other objectors in that case, offered his services to me to assist during the mediation between the objectors and the plaintiff. Subsequently, I completed mediation and he assisted me in dismissing my objection. He handled the matter professionally and I was satisfied with his representation. However, my relationship with Mr. Bandas ended there. Put simply, he does not represent me in the current case in any capacity

whatsoever. Consequently, the Plaintiff's attack on my character via this strange guilt by association argument is completely misplaced and should be ignored by the Court.

**II.     My Objections are Not Frivolous**

Plaintiff's bond calculation relies on the premise that my appeal is frivolous. As discussed above, Plaintiff's initial mudslinging is false. Additionally, my objections are valid and certainly not frivolous. According to the settlement agreement and other documents I reviewed, the average class member can expect to receive $22.02 in damages. I have a high end policy. I have been receiving thousands of dollars in dividends every year for more than fifteen years (although in many years these dividends have been completely wiped out by the fees and premiums charged). Even assuming that my recovery would be more than the average class member, the estimated $22.02 is an offensively low figure on its face.

Additionally, the settlement does not compensate long time customers such as myself for the "time value of money." Put simply, one dollar lost fifteen years ago is worth a lot more than a dollar lost today due to the lost interest and opportunity cost over the years. Ironically, for the purposes of their bond request, Plaintiff is suddenly concerned with the time value of money as the largest component of their bond request seems to be the estimated interest on the entire settlement funds for a year. Furthermore, due to the lack of details in the settlement agreement, I cannot calculate with any precision the amount that I will receive under the current settlement or the amount that I was shorted over the past fifteen years.

Importantly, even in the unlikely event the Court believes my appeal is frivolous, which I deny, the determination of whether an appeal is frivolous can <u>only</u> be made by the appellate court, not the district court. <u>Vaughn v. Am. Honda Motor Co., Inc.</u>, 507 F.3d 295, 299 (5th Cir. 2007); <u>Cooter & Gell v. Hartmax Corp.</u>, 496 U.S. 384, 407 (1990); <u>In re Vasseli</u>, 5 F.3d 351, 353

(9th Cir. 1993). Consequently, the District Court should not have jurisdiction to set a bond for what amounts to preemptive sanctions for what the Plaintiff feels is a "frivolous" appeal. Furthermore, at this stage the entire issue seems completely inappropriate since I have not even filed my appeal brief yet.

I additionally wish to incorporate the thoughtful arguments raised by my fellow objector, Carolyn Tucker, in her Opposition to Plaintiff's Motion (Document Number 321).

Please be advised that I am currently searching for an attorney to represent me in this case and I additionally request that whomever I retain be permitted to amend this response.

WHEREFORE, Objector Francis Vitale requests that the Plaintiff's Motion to Set an Appeal Bond be denied. Objector also requests that he be permitted additional time of thirty (30) days to retain an attorney to represent him in this matter.

DATED: Jan 19, 2018

Respectfully Submitted,

By: _____
Francis Vitale (*Pro se*)
Email: harborhill50@aol.com
1 Sagamore Hill Rd.
Oyster Bay, NY 11771
Telephone: (516) 640-8585
*pro se* party

## CERTIFICATE OF SERVICE

I hereby certify that on the 19 day of January 2018, I filed the foregoing with the Clerk of the Court via U.S. First Class Mail or overnight mail as follows:

Clerk of the Court
U.S. District Court
District of Massachusetts

4

John Joseph Moakley U.S. Courthouse
One Courthouse Way, Suite 2300
Boston, MA 02210

I further certify that I served a true copy of the foregoing document via U.S. First Class Mail to the following:

Jason B. Adkins
John Peter Zavez
ADKINS, KELSTON &
ZAVEZ, P.C.
90 Canal Street, 5th Floor
Boston, MA 02114
*Class Counsel*

James R. Carroll
Kurt Wm. Hemr
Alisha Q. Nanda
Skadden, Arps, Slate,
Meagher & Flom LLP
500 Boylston Street
Boston, MA 02116
*MassMutual's Counsel*

Mardi Harrison
125 Edison Furlong Road
Doylestown PA 18901
Counsel for Objector, Carolyn Tucker

By: _____
Francis Vitale (*Pro se*)